FILED

2008 Sep-15  AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

EDNA LEE WASHINGTON LEETH,      )
                                )
        Plaintiff,              )
                                )
    vs.                         )        CV 07-B-0956-NE
                                )
ATHENS/LIMESTONE   HOSPITAL,    )
INC.,                           )
                                )
        Defendant.             )

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss.

(Doc. 5.)  Because defendant relies on evidence outside the pleadings, the court notified the

parties that it would treat the Motion to Dismiss as a Motion for Summary Judgment.

pursuant to Fed. R. Civ. P. 56.[1]  (Doc. 7.)  Plaintiff Edna Lee Washington Leeth has sued her

---

[1]The Eleventh Circuit has held:

> Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion.  When that conversion occurs, the district court must comply with the requirements of Rule 56.  The district court is required to notify the parties that the motion has been converted, and give the parties 10 days in which to supplement the record.

*Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002).

The court notes that defendant submitted additional evidence with its Reply Brief. This evidence has not been considered by the court.  *Burns v. Gadsden State Community College*, 908 F.2d 1512, 1516 (11th Cir. 1990)(citing, *inter alia*, *Winbourne v. Eastern Air Lines, Inc.*, 632 F.2d 219 (2d Cir. 1980)); *see Beaird v. Seagate Technology, Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998); *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d

former employer, defendant Athens/Limestone Hospital, Inc., alleging that defendant discriminated against her on the basis of her race and her age and that it retaliated against her for complaining about discrimination.  Upon consideration of the record, the submissions of the parties, the arguments of the parties, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 5), is due to be granted in part and denied in part.[2]

# I. <u>SUMMARY JUDGMENT STANDARD</u>

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing no genuine issue of material fact and that he is entitled to judgment as a matter of law.  *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could

_____

404, 410 (1st Cir. 1985).

[2]Plaintiff alleges that defendant's counsel, Richard Raleigh, Jr., has a conflict of interest in representing defendant in this matter.  Plaintiff has not moved to disqualify defendant's counsel.  Therefore, this matter is not before the court and has not been considered in deciding defendant's Motion to Dismiss.

Plaintiff is instructed to communicate with Raleigh unless and until the court orders otherwise.  Plaintiff shall not communicate directly with defendant Athens/Limestone Hospital.

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.  Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255.  Nevertheless, the non-moving party need not be given the benefit of every inference but only of every ***reasonable*** inference.  *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II.  DISCUSSION

Defendant asks the court to dismiss plaintiff's Complaint on three grounds:

I.    Plaintiff failed to timely serve her Complaint.

II.   Plaintiff failed to timely file an EEOC charge.

III.  The allegations in Plaintiff's Complaint exceed the scope of her EEOC Charge.

(Doc. 5.)

## A.  SERVICE OF PLAINTIFF'S COMPLAINT

Defendant contends that plaintiff's Complaint is due to be dismissed because plaintiff failed to serve defendant within 120 days after she filed the Complaint.  Plaintiff filed her Complaint on May 23, 2007, together with a Motion for Leave to Proceed In Forma Pauperis.

(Docs. 1 and 2.)  On November 29, 2007, without a ruling on her Motion for Leave, plaintiff paid the filing fee and requested service by certified mail.  (Doc. 3.)  At that time, the court issued a Summons to defendant and mailed plaintiff's Complaint.  (Doc. 4.)

"[*I*]*n forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part."  *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990).  The court finds no evidence that the failure to effect service on defendant during the pendency of plaintiff's Motion for Leave was due in any way to plaintiff's conduct.  Moreover, the court notes no delay in service of plaintiff's Complaint after plaintiff paid her filing fee and requested service by certified mail.

Defendant's Motion to Dismiss plaintiff's Complaint based on failure to timely serve the Complaint will be denied.

## B.  TIMELY FILING OF EEOC CHARGE

Defendant concedes that evidence submitted by plaintiff in opposition to its Motion to Dismiss, which it disputes, is sufficient to create a genuine issue of fact regarding whether plaintiff timely filed her EEOC charge.  Therefore, it has withdrawn its Motion to Dismiss based on the timeliness of the EEOC charge.

Defendant's Motion to Dismiss plaintiff's Complaint on the ground that she did not timely file an EEOC charge will be denied.

4

## C.  SCOPE OF THE EEOC CHARGE

Defendant contends that plaintiff's age discrimination claims are due to be dismissed because her EEOC charge alleges only race discrimination and retaliation.  Plaintiff's EEOC charge, attached to defendant's Brief in Support of its Motion to Dismiss, states:

> I believe I have been discriminated against because of my race, black, in violation of Title VII . . . .  I also believe I have been retaliated against for reporting the treatment of black patients in the hospital.  I further believe the treatment I received was due to after I graduated in December 2005, with my bachelor's degree, I would have been eligible as the most qualified person for a management and supervisory position that was currently being posted.  There are currently no black administrators, supervisors, RNs or LPNs on staff at this location.

(Doc. 6 at 5.)  Plaintiff's Complaint alleges that she was terminated and harassed because of her age.  (Doc. 1 ¶¶ 8-13.)

The Eleventh Circuit Court of Appeals has held:

> Before filing a Title VII action in district court, a plaintiff must file a charge of discrimination with the EEOC.  *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004).  Courts are "extremely reluctant" to bar Title VII claims based on procedural technicalities and will allow judicial claims that "amplify, clarify, or more clearly focus" the EEOC complaint allegations.  *Id*.  Still, "[a] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  [*Id*.] at 1280.  Plaintiffs may not raise "[a]llegations of new acts of discrimination" in the judicial proceedings.  *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989).

*Hillemann v. University of Central Fla.*, No. No. 04-15153, 167 Fed. Appx. 747, 749, 2006 WL 122430, 2 (11th Cir. Jan. 18, 2006); *see also Minix v. Jeld-Wen, Inc.*, No. 06-16094, 237 Fed. Appx. 578, 587-88, 2007 WL 1828259, at 7-8 (11th Cir. June 27, 2007).

In *Hillemann*, the Eleventh Circuit held:

> Plaintiff's complaint alleged UCF failed to hire him for three Marketing positions because of race and gender discrimination and retaliation. Plaintiff's EEOC charge about the Marketing positions alleged only age discrimination under the ADEA.  This Court has previously refused to bar a plaintiff's judicial claims when that plaintiff, not represented by counsel, inadvertently did not mark her EEOC charge form as including retaliation claims; the facts in that plaintiff's EEOC charge indicated she was fired after complaining about race and gender discrimination, which reasonably would lead to an EEOC investigation of retaliation.  (Citation omitted).

> Here, Plaintiff's EEOC charge factually supports only a claim of age discrimination: Plaintiff said he believed he was a victim of age discrimination and, to support this, said that the hired applicants were younger than he was. The EEOC charge was silent about race, sex, retaliation and Title VII.  The EEOC could not reasonably be expected to investigate race and sex discrimination or retaliation when the charge form presented no indication that such considerations might have played a role in UCF's failure to hire Plaintiff. Therefore, the Marketing position claims were procedurally barred; and the district court properly granted summary judgment about these claims to UCF.

*Hillemann*, 167 Fed. Appx. at 749-50.

In this case, as set forth above, plaintiff's EEOC charge did not indicate that she believed defendant had discriminated against because of her age; her charge describes only race discrimination and retaliation.  Therefore, after a careful review of plaintiff's EEOC charge and her Complaint, the court finds that her "EEOC charge factually supports only [her] claim[s] of [race] discrimination [and retaliation].  *See Hillemann*, 167 Fed. Appx. at 749; *see also Dowlatpanah v. Wellstar Health System, Inc.*, No. 1:05-cv-2752-WSD-RGV, 2007 WL 639875 at 5 (N.D. Ga. Feb. 26, 2007)("Plaintiff did not mention retaliation anywhere in his EEOC charge. . . .  Furthermore, there is nothing in the report that would

allow the EEOC to infer that retaliation occurred.").  Thus, the court will grant defendant's Motion to Dismiss plaintiff's age discrimination claims on the ground that such claims were not included in her EEOC charge.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and defendant is entitled to judgment as a matter of law on plaintiff's age discrimination claims and that the remainder of defendant's Motion to Dismiss is due to be denied.  An Order granting in part and denying in part Motion to Dismiss, (doc. 5), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 14th day of September, 2008.

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE