FILED

2009 Jul-23  AM 11:10
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| EDNA LEE WASHINGTON LEETH, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CV 07-B-0956-NE** |
| ) | |
| ATHENS/LIMESTONE   HOSPITAL, ) | |
| INC., ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

This case is presently pending before the court on plaintiff's Motion for Leave of Court to Amend Complaint.  (Doc. 37.)  Prior to the court's ruling on her Motion to Amend, plaintiff filed her Amended Complaint.  (Doc. 44.)  Thereafter, defendant filed a Motion to Strike or, in the Alternative, to Dismiss Plaintiff's Amended Complaint.  (Doc. 45.)  For the reasons set forth below, plaintiff's Motion to Amend, (doc. 37), is due to be denied; defendant's Motion to Strike, (doc. 45), is due to be granted.

Plaintiff's Motion for Leave to Amend Complaint asks the court to allow her to add four new counts to her Complaint:  (1) Count VIII Demand for Jury Trial, (2) Count IX Intentional Infliction of Emotional Distress, (3) Count X Pain and Suffering and (4) Count XI Punitive Damages.  (Doc. 37.)  "Under Fed. R. Civ. P. 15(a)(2), the court 'should freely give leave [to amend] when justice so requires.'"  *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008)(quoting Fed. R. Civ. P. 15(a)(2)).  However, "[b]ecause justice does not require district courts to waste their time on hopeless cases, leave may be denied if

a proposed amendment . . . fails to state a claim." *Id*. (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Under *Foman*, however, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile. This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004)(citing *Foman*, 371 U.S. at 182; quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)(internal quotations and citations omitted). For the reasons below, this court finds that plaintiff's Amended Complaint fails to state a claim; therefore, her Motion to Amend will be denied. Because plaintiff filed her Amended Complaint without leave of the court and because the court declines to grant such leave, the court will grant defendant's Motion to Strike and will strike plaintiff's Amended Complaint.

Plaintiff seeks to add a demand for a jury trial in her Amended Complaint. (Doc. 44 ¶¶ 54-55.) Such demand is untimely. *See* Fed. R. Civ. P. 38(b)("On any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand – which may be included in a pleading – no later than 10 days after the last pleading directed to the issue is served . . . ."). Therefore, plaintiff's Motion to Amend to add a demand for a jury trial will be denied.

Plaintiff seeks to amend her Complaint to add a claim for intentional infliction of emotional distress. (*See* doc. 37 ¶¶ 57-60.) She alleges:

> 57.  The defendant has deliberately put undue and unnecessary stress on plaintiff and her spouse to create a defense.

2

58.   The defendant terminated plaintiff and caused her to lose her insurance coverage and as a result her spouse had a stroke, and was released early from defendant's facility because he had no insurance and had another stroke.

59.   The defendant pretended to want settlement and when plaintiff made a reasonable proposal started requesting discovery.

60.   The defendant went to the Court to demand that plaintiff give discovery knowing that it was requested for no reason but to cause undue stress to plaintiff.

(Doc. 44 ¶ 57-60.)

These allegations do not give rise to a claim of  intentional infliction of emotional distress under Alabama law.

To prevail on a claim of [intentional infliction of emotional distress or] outrage, a plaintiff must prove that:  (1) the defendant either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from its conduct; (2) the defendant's conduct was extreme and outrageous; and (3) the defendant's conduct caused emotional distress so severe that no reasonable person could be expected to endure it.  *Jackson v. Ala. Power Co*., 630 So. 2d 439, 440 (Ala. 1993)(citing *Am. Rd. Serv. Co. v. Inmon*, 394 So. 2d 361 (Ala. 1980)(adopting the tort of outrageous conduct in Alabama)).  The conduct complained of must be "so *outrageous* in character and so *extreme* in degree as to go beyond all *possible bounds of decency*, and to be regarded as *atrocious* and *utterly intolerable* in a civilized society." *Inmon*, 394 So. 2d at 365.  Thus, the tort of outrageous conduct *only* applies "in the most *egregious* circumstances."  *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993).

The determination as to whether "evidence is sufficiently extreme or outrageous to support a cause of action for outrageous conduct is for the trial court to make as a matter of law."  *Carter v. Harris*, 64 F. Supp. 2d 1182, 1194 (M.D. Ala. 1999)(granting summary judgment on outrage claim).  In analyzing whether conduct is sufficiently extreme and outrageous to support a claim of outrage, the Court must be mindful that outrage is a very limited cause of action.  *See, e.g.*, *Thomas*, 624 So. 2d at 1044.  The Alabama Supreme Court

has found that a jury question exists in only three types of cases: (1) those involving wrongful conduct with regard to family burials; (2) those involving barbaric methods employed to coerce an insurance settlement; and (3) those involving egregious sexual harassment. *See, e.g.*, *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000)(nurse failed to establish jury question on outrage claim against her employer and former supervisor despite having suffered emotional and physical distress when accused publicly of being a drug addict, thief and danger to the public); *Carter v. Innisfree Hotel, Inc.*, 661 So. 2d 1174 (Ala. 1995)(affirming summary judgment on outrage claim where plaintiffs alleged that a "peeping tom" watched them through scratches in their hotel room's bathroom mirror).

*Hardesty v. CPRM Corp.*, 391 F. Supp. 2d 1067, 1073 (M.D. Ala. 2005)(emphasis added).

Plaintiff alleges that "defendant pretended to want to settle" and that it engaged in discovery, including filing a Motion to Compel,[1] for the purpose of causing her stress. However, these actions are not outrageous or extreme. Rather, such actions are part of the ordinary litigation process. Plaintiff cannot base a claim of intentional infliction of emotional distress on defendant's ordinary and reasonable conduct of this litigation.

Plaintiff also contends that her husband had a stroke, that he was released early from defendant's hospital because she did not have insurance, and that he thereafter had another stroke. She claims defendant is responsible because her termination caused her to lose insurance coverage for her husband. However, defendant's termination of plaintiff was not so extreme and outrageous that it would be considered atrocious and beyond the bounds of

---

[1]The court granted defendant's Motion to Compel, (doc. 42), and ordered plaintiff to "fully answer defendant's interrogatory number 13 and produce any and all recordings responsive to defendant's Requests for Production, specifically Request for Production number 18." (Order of July 21, 2009.)

civilized society.  Plaintiff has not alleged that defendant intended to cause her extreme

emotional distress or that it knew its actions would cause such extreme emotional distress.

She simply has not "provide[d] enough factual allegations . . . to raise a right to relief above

the speculative level."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir.

2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))(internal quotations

omitted).  Her Amended Complaint is insufficient to establish her right to relief based on a

claim for intentional infliction of emotional distress arising from her termination.

Plaintiff, who is proceeding pro se and who is not an attorney, may not represent

anyone but herself.  28 U.S.C. 1654.  Therefore, she may not bring a claim on behalf of her

husband.  To the extent she seeks to add a claim for her husband, her Motion for Leave to

Amend is due to be denied.

The court finds that plaintiff's proposed claim for intentional infliction of emotional

distress is futile; therefore, her Motion to Amend will be denied as to this claim.

In her Motion for Leave to Amend, plaintiff asserts as separate Counts – "Pain and

Suffering" and "Punitive Damages."  (Doc. 44 at 2.)  She alleges:

**Count X Pain and Suffering**

. . .

62.  The defendant terminated plaintiff and caused her to lose her
insurance coverage and as a result her spouse had a stroke, and was released
early from defendant's facility because he had no insurance and had another
stroke.

63.  The defendant has caused the plaintiff to become unemployable;
plaintiff has applied for over 75 positions within these three years with only

two or three interviews.  At least four of these applications have been with defendant.

. . .

**Count XI Punitive Damages**

  . . .

  65.  The pro se plaintiff also ask[s] for punitive damages because of the practice of the defendant to harass, intimidate, terminate and/or cause African American employees to quit.

  66.  The defendant treated African American patients differently than white patients.

  67.  The defendant caused plaintiff to lose her insurance coverage and as a result her spouse had a stroke, and was released early from defendant's facility because he had no insurance and had another stroke.

Wherefore defendant is due to be punished for [its] treatment of African Americans and plaintiff ask[s] the Court [to] assess $500,000 to be donated and equally divided between the Limestone County NAACP Scholarship Fund, National Negro College Fund and A&M College Scholarship Fund in the name of Edna L. and Larry E. Leeth.

(Doc. 44 at 2-3.)

Rule 10(b) of the Federal Rules of Civil Procedure provides, "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  . . .  If doing so would promote clarity, each ***claim*** founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."  Fed. R. Civ. P. 10(b) (emphasis added).  [A] "count" is "'a separate and independent ***claim***.'"  *Long v. Wade*, 980 So. 2d 378, 386 (Ala. 2007)(quoting *Life Ins. Co. of Georgia v. Smith*, 719 So. 2d 797, 824

6

(Ala. 1998)(Cook, J., concurring in part and dissenting in part)(quoting Black's Law Dictionary 348 (6th ed.1990)))(emphasis added).  "Pain and suffering" is not a claim; it is a measure of compensatory damages.  *See Slicker v. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000).  "Punitive damages" is not a "claim" for relief; it is a separate form of damages specifically designed to punish the offender.  *See Molzof v. United States*, 502 U.S. 301, 312 (1992).  Therefore, "pain and suffering" and "punitive damages" are not proper counts.

However, these counts appear to be based on plaintiff's termination, which is the subject of plaintiff's Complaint.  (*See* generally doc. 1.)  For example, plaintiff's allegation that she has been unable to find employment since her termination, (*see* doc. 37 ¶ 63), may be relevant to establishing her right to back-pay if she prevails on her discrimination and retaliation claims.  However, such fact does not provide a separate claim for relief.

For the reasons set forth above, plaintiff cannot add claims on behalf of her husband. (*See* doc. 37 ¶¶ 63, 67.)  For the same reason, she cannot add claims on behalf of other African-American employees, (*see* doc. 37 ¶ 65), and African-American patients, (*see* doc. 37 ¶ 66.)  Plaintiff, who is proceeding without counsel, cannot represent any party but herself.  28 U.S.C. 1654.  Also, because she is not represented by counsel, she cannot assert

class claims.[2]   Therefore, to the extent plaintiff seeks to add claims on behalf of others, her

Motion for Leave to Amend, (doc. 37), is due to be denied.

<u>CONCLUSION</u>

For the foregoing reasons, the court is of the opinion plaintiff's Motion for Leave to

Amend, (doc. 37), is due to be denied as futile.  An Order denying plaintiff's Motion for

Leave to Amend, (doc. 37), granting defendant's Motion to Strike, (doc. 45), and striking

plaintiff's Amended Complaint, (doc. 44), will be entered contemporaneously with this

Memorandum Opinion.

---

[2]The Tenth Circuit has held:

We do not hesitate to affirm the district court's decision that Mr. Fymbo
cannot adequately represent the putative class.  Under Rule 23(a)(4), a class
representative must "fairly and adequately protect the interests of the class."
A litigant may bring his own claims to federal court without counsel, but not
the claims of others.  *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller &
Kane, Federal Practice and Procedure: Civil 2d § 1769.1 & n. 12 (2d ed. 1986)
(citing cases for rule that "class representatives cannot appear pro se").  This
is so because the competence of a layman is "clearly too limited to allow him
to risk the rights of others."  *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th
Cir. 1975).

*Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also*
*Bishop v. GMAC Mortgage*, 2007 WL 3232563, 1 (D. Nev. 2007)(citing, *inter alia*, *Ziegler*
*v. Michigan*, 90 Fed. Appx. 808 (6th Cir. 2004); *Fowler v. Lee*, 18 Fed. Appx. 164 (4th Cir.
2001); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987)).

**DONE**, this the 23rd day of July, 2009.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE